## UNITED STATES WIND ENGINE & PUMP CO v FETZER & SONS

Ohio Appeals, 9th Dist, Medina Co

No 129. Decided Dec 28, 1933

J. B. Palmquist, Medina, for plaintiff in error.

Harold L. Williams, Medina, and John A. Weber, Medina, for defendants in error.

## OPINION

By WASHBURN, PJ.

From a reading of the record. it is apparent that the jury found said facts to have been proved by a preponderance of the evidence.

The important claim of error made on behalf of the plaintiff is the refusal of the court to charge the jury upon the subject of the authority of said agent of. the plaintiff to make said agreement with the defendants. At the close of the case, and apparently before the argument, the plaintiff asked the court to charge upon that subject, but said request was not presented to the court in writing. Then, at the close of the general charge, counsel for plaintiff again requested the court to charge upon that subject, and the court refused to do so, and in each instance an exception was noted.

Under the record in this case, we find that it was not prejudicial error for the court to refuse said requests, for the reason that the evidence on behalf of the defendants, in reference to said agent's authority, which includes the testimony of the agent of the plaintiff, not being contradicted, would justify no other conclusion except

that the agent had authority to make such agreement; but under the charge of the court, the jury went further and found that in making said agreement, plaintiff's agent acted "with the knowledge and consent" of plaintiff and that there was a "meeting of the minds of the parties" upon said agreement; and taking the record as a whole, including all reasonable inferences to be drawn from the proved facts. we think that such finding was warranted or at least that it is not manifestly against the weight of the evidence.

We also hold that the testimony of said agent in reference to his authority was competent and that it did not violate the rule that you cannot prove the authority of an agent by the agent's declarations, as no proof of the declarations of the agent was offered.

1 C. J., "Agency," §13, page 638.

We do not find any prejudicial error in the charge of the court on the subject of consideration, and we are not of the unanimous opinion that the finding of the jury that there was a consideration for said agreement is manifestly against the weight of the evidence.

From what has been said, it will be apparent to counsel why we do not find any prejudicial error as to the other matters complained of. A reading of the record convinces us that substantial justice was done in this case; but that does not mean that as a result of this litigation the defendants are entitled to such machine; it is still in their possession in the same condition as when received, and the plaintiff is entitled to it if it concludes to take the same away.

Judgment affirmed.

FUNK and STEVENS, JJ, concur in judgment.